UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| STERLING RIVERS | ) | |

ORDER

Pending before the Court is the Defendant's Appeal of Order Denying Motion for Release Pending Trial (Docket No. 559) and the Government's Response (Docket No. 562). The Appeal is DENIED.

The Magistrate Judge entered an Order of Detention (Docket No. 246) on December 28, 2011. The Defendant was subject to a rebuttal presumption of detention and did not rebut the presumption. 18 U.S.C. § 3142(e).

Defendant filed a Motion for Release from Custody Pending Trial (Docket No. 523) on July 10, 2012. The Magistrate Judge denied the Motion by Order (Docket No. 531) entered on July 19, 2012, as follows:

> The government opposes the defendant's motion, maintaining that another hearing is appropriate only if there is new and material information that was not known to the defendant at the time of the original detention hearing, and that the possibility of the defendant's mother serving as his third party custodian is not new information. The Court agrees. As the defendant pointed out, 18 U.S.C. § 3142(f)(2) provides that:
>
>> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of

> such person as required and the safety of any other person and the community.
>
> While the potential for the defendant's mother serving as his third party custodian may well have a "material bearing" on conditions of release, the existence of his mother was certainly known to the defendant at the time of his hearing. If there were reasons why his mother could not have served as his third party custodian at the time of the original hearing but circumstances have since changed, the defendant has not provided such an explanation.
>
> The Court's agreement with the government is limited to concurrence with its position that the defendant has not provided any new information warranting a second detention hearing.

The Court has made a de novo review of the Magistrate Judge's Orders (Docket Nos. 246 and 531). The Court finds that the Magistrate Judge's factual findings are supported and that the Magistrate Judge's legal conclusions are correct regarding the need for detention and that Defendant has not provided new information to warrant another detention hearing. The Appeal is DENIED.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE