IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3-11-00194 |
| v. | ) | |
| | ) | |
| STERLING RENEVA RIVERS | ) | |

O R D E R

Pending before the Court is the defendant's 35 page "Petition to Reopen Detention Hearing due to Newly Discovered Evidence in the Alternative of Reconsideration of Detention with Incorporated Memorandum of Law," with additional attachments, to which the government has responded in opposition (Docket Entry No. 1136).

As provided below, the defendant's motion (Docket Entry No. 1131) is DENIED.

After a hearing scheduled on the defendant's motion for detention on November 28, 2011, and as reflected in the order entered December 28, 2011 (Docket Entry No. 246), the defendant was detained pretrial. As recited in the December 28, 2011, order, the government put on three witnesses and played an audio-video recording at the November 28, 2011, hearing. The defendant did not put on any proof. As a result, the presumption in favor of detention, 18 U.S.C. § 3142(e), compelled the Court to grant the government's motion for detention and order that the defendant be detained pretrial.

On July 10, 2012, the defendant filed a motion for release (Docket Entry No. 523), which was denied by order entered July 19, 2012 (Docket Entry No. 531), because the defendant had not presented any new and material evidence. The defendant sought release to the third party custody of his mother. Inasmuch as there was no question that defendant was aware of his mother at the time of his detention hearing, the Court denied the defendant's motion and declined to schedule a hearing because he had not presented any new information not known to him at the November 28, 2011, hearing.

As the Court noted in the July 19, 2012, order, 18 U.S.C. § 3142(f)(2) provides that:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

In his current motion, the defendant contends that there is newly discovered evidence that would require reopening of his detention hearing. Specifically, he recounts that discovery he received from the government in August of 2012, included a disk that was played during the November 28, 2011, detention hearing ("the recording"). After the defendant reviewed the disk, he asserts that he understood that he had "been swindled into being detained and also that the government had exercised fraud on the Court." Docket Entry No. 1131, at 3-4. Specifically, the defendant contends that Darren Barnes, FBI Violent Crime and Drug Task Force Officer and member of the Franklin Police Department, presented perjured testimony on November 28, 2011, by describing the defendant as seated behind the driver in the back right seat of the car depicted in the recording. In contrast, the defendant maintains that he was not behind the driver, but rather behind the front seat passenger. The defendant's position in the car is important to him because Officer Barnes testified that he believed that the defendant had uttered the words, "Get your strap ready, Bro," referring to a handgun. However, the defendant attributes those words to Curtis Robinson who was, according to the defendant, seated in the back seat of the car behind the driver. The defendant also contends that Officer Barnes falsely alleged that the defendant was "riding to find GD's [gangster disciples] to shoot," when "[t]he ride was never to go shoot GD's, but it was to follow the red truck, that we was following to make sure that the dude in the red truck was really going to retrieve the money that was owed to one of Mr. Robinson's rap Group members." Id. at 13-14.

The Court agrees with the defendant that the recording that was played during the November 28, 2011, hearing was extremely difficult to see, hear, and understand, as the Court noted in the December 28, 2011, order. See Docket Entry No. 246, at 3 n.1. There is also no question that some of Officer Barnes' testimony was based on hearsay information from other officers. It is possible that Officer Barnes may have been mistaken about where the defendant was sitting in the

2

car or who made reference to a handgun, and might have even been mistaken about the purpose of the expedition.

However, none of the information that the defendant relates is new information. Inasmuch as the defendant was admittedly in the car, all of the information that he now asserts was known to him at the time of the detention hearing. The defendant is apparently suggesting that what is new is proof of Officer Barnes' untruthfulness. The Court is not persuaded that such information would be sufficient to constitute new information required to reopen the detention hearing, but, even if the Court were so persuaded, the information would not have been material.

The defendant apparently fails to understand that he was detained because he did not rebut the presumption in favor of detention in accord with 18 U.S.C. § 3142(e). In other words, the government did not need to put on witnesses to testify or introduce the recording. The defendant faced a rebuttable presumption in favor of detention because the Grand Jury found that there was probable cause to believe that he committed an offense under the Controlled Substances Act for which the maximum sentence is at least 10 years in prison. Counsel for the government could have stood mute and required that the defendant meet his burden of production.

The defendant also asks the Court to "note" that he has a family that loves and needs him. Id. at 5. Again, that information is certainly not new.

The defendant also maintains that the government has abandoned Count 13 of the third superseding indictment (Docket Entry No. 589) and that he is no longer charged with using, carrying, brandishing and discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), in the fourth superseding indictment (Docket Entry No. 1065). Thus, the defendant reasons that he has not committed an act of violence against anyone. While it may be peculiar that he was charged in the third superseding indictment in August of 2012, with using, carrying, brandishing, and discharging a firearm but he was not charged with that offense in the fourth superseding indictment in January of 2013, the change of charges is of little import.

Most significantly, the defendant was not charged with using, carrying, brandishing, and discharging a gun until August of 2012--almost two years after the detention hearing. In addition, the defendant was charged in four counts in the first indictment, the first superseding indictment (Docket Entry No. 130), and the second superseding indictment (Docket Entry No. 270), but he was charged in 12 counts in the third superseding indictment (Docket Entry No. 589), and the fourth superseding indictment (Docket Entry No. 165), albeit different counts. Apparently, the defendant believes that a crime of violence only involves actually shooting a gun. That is incorrect. The Court considers drug trafficking, especially when combined with possession of firearms, to be a very dangerous activity.

The defendant argues that the defendant's second appointed counsel was "in cohoots (sic)" with the Assistant United States Attorney prosecuting this case. The defendant has presented no proof, much less circumstantial evidence, to support that proposition.

The defendant asserts that his mother could serve as his third party custodian if he were released. This issue was addressed in the order entered July 19, 2012 (Docket Entry No. 531), in which the Court denied the defendant's motion for release (Docket Entry No. 523). In that order, the Court noted that, "if there were reasons why his mother could not have served as his third party custodian at the time of the original hearing but circumstances have since changed, the defendant has not provided such an explanation." Docket Entry No. 531, at 2. Perhaps in response to that comment, the defendant contends that his lawyer did not tell him that his mother might be able to be his third party custodian. That is not enough to show that there are new circumstances or new information that would justify reopening the detention hearing.

The defendant also raises additional reasons to support his release, including his health and physical condition, the asserted abuse he has suffered while incarcerated and unsafe conditions of his place of confinement, the length of his pretrial confinement, and the allegedly perjured and misleading testimony of a grand jury witness, none of which present changed circumstances sufficient to justify reopening the detention hearing. While the length of time of pretrial detention

is of concern, the Court notes that a substantial portion of that time was focused on determining the defendant's competency and whether he should be allowed to represent himself without a lawyer, and that the defendant's trial is now scheduled to begin on June 25, 2013.

Any party aggrieved by this order may seek review as provided in 18 U.S.C. § 3145.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge