UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| STERLING RENEVA RIVERS | ) | |

ORDER

The Court rules on the following pending motions filed by the Defendant as set forth herein.

Through the Petition For The Bill Of Particulars (Docket No. 1056), the Defendant seeks transcripts of grand jury testimony, and specifically discusses the testimony of witness Stephanie Bayles. The Defendant indicates that he has a "particularized need" for the testimony of the grand jury witnesses because such testimony will allow him to discover prior inconsistent and false statements of the witnesses; will allow him to assess the credibility of the witnesses; and will allow him to discover evidence that is favorable to him. In its Response (Docket No. 1062), the Government indicates that it has already disclosed to the Defendant the grand jury testimony of Stephanie Bayles (now deceased) and Brett Shields, along with the other witnesses expected to testify at trial.

Under Rule 7 of the Federal Rules of Criminal Procedure, a defendant may request a bill of particulars to supplement an information or indictment that is insufficiently specific. The Sixth Circuit has held that the function of a bill of particulars is to "minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a

second prosecution for the same crimes." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004). A bill of particulars is not to be used, however, "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Crayton, 357 F.3d at 568. Full disclosure of the requested information by the Government through discovery, however, may obviate the need for a bill of particulars. United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993); United States v. Martin, 822 F.2d 1089, 1987 WL 38036, at *3 (6th Cir. July 14, 1987).

Defendant's request for a bill of particulars is DENIED as he has failed to show the necessity for a bill of particulars in light of the specificity of the Indictment and the discovery produced by the Government. Defendant's request for all grand jury testimony is DENIED as he has failed to show a particularized need for the grand jury testimony of witnesses who are not expected to be called as trial witnesses. See Fed.R.Crim.P. 6(e); United States v. Sells Eng'g, Inc., 463 U.S. 418, 443, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983).

In the Petition For An Order To Subpoena Audio/Video (Docket No. 1130), the Defendant seeks an order requiring the Government to produce a recording of the November 21, 2011 detention hearing. In its Response (Docket No. 1135), the Government argues there is no basis for requiring the Government to issue subpoenas for the Defendant. The Petition is GRANTED in part and DENIED in part. The Court approves payment for a transcript of the requested hearing, but it is up to the Defendant to arrange for obtaining the transcripts from the Court Reporter through standby counsel.

Defendant's Petition Seeking An Order Subpoena And/Or Subpoena Duces Tecum

(Docket No. 1132) seeks an order requiring the Government to produce eleven items listed in the Petition. In its Response (Docket No. 1135), the Government indicates that it has produced the discoverable items requested, and that many of the other items requested are irrelevant, not in the possession of the prosecution team, and/or may not exist. Since this Petition was filed, the Court ordered standby counsel to consult with counsel for the Government in an effort to resolve Defendant's discovery issues. (Docket No. 1196). Standby counsel subsequently filed a Notice (Docket No. 1205) with the Court indicating that the discovery issues had been resolved. Accordingly, the Petition Seeking An Order Subpoena And/Or Subpoena Duces Tecum (Docket No. 1132) is DENIED, as moot. To the extent Defendant contends that there are discoverable items that remain to be produced, he shall file a motion to that effect on or before May 6, 2013.

Through the Petition For A Camcorder In Court Hearing To Inspect And Copy Documents (Docket No. 1155), the Defendant requests access to John P. Edwards' files and computer, and a camcorder to record his review of those files. The Defendant argues that such evidence may be exculpatory. In its Response (Docket No. 1175), the Government indicates that the involvement of former FBI Task Force Officer Edwards is not relevant to a material fact in this case. The Petition is DENIED, without prejudice to the Defendant's re-filing such a motion in the event he can demonstrate that Mr. Edwards' files and computer contain evidence relevant to this case.

In his Petition To Compel Exculpatory Evidence (Docket No. 1159), the Defendant requests audio and video recordings relating to a traffic stop that occurred on June 5, 2011. In its Response (Docket No. 1175), the Government indicates that it has produced all known audio and

video recordings of that traffic stop. Accordingly, the Petition is DENIED, as moot, without prejudice to the Defendant's re-filing such motion in the event he is able to identify a specific recording of the traffic stop that the Government has not produced.

Through the Petition To Compel Discovery From The AUSA (The Government) (Docket No. 1160), the Defendant requests certain video and audio recordings from the Government. In its Response (Docket No. 1175), the Government indicates that it has already provided a hard drive containing the requested recordings. Since this Petition was filed, the Court ordered standby counsel to consult with counsel for the Government in an effort to resolve Defendant's discovery issues. (Docket No. 1196). Standby counsel subsequently filed a Notice (Docket No. 1205) with the Court indicating that the discovery issues had been resolved. Accordingly, the Petition To Compel Discovery is DENIED, as moot. To the extent Defendant contends that there are audio and video recordings that he is still unable to access, he shall file a motion to that effect on or before May 6, 2013.

The Defendant's Petition For Transcripts (Docket No. 1161) requests transcripts from various arraignment hearings and a motion hearing held in this court. The Petition is GRANTED in part and DENIED in part. The Court approves payment for the requested transcripts, but it is up to the Defendant to arrange for obtaining the transcripts from the Court Reporter through standby counsel.

Through the Grievance Petition (Docket No. 1164), the Defendant complains that a document entitled "Petition For Pretrial Hearing on the existence of Conspiratorial agreement and the connection thereto" that he mailed to the court for filing on January 23, 2012 has not

4

appeared on the docket, and requests a hearing to discuss the issue. The Petition is GRANTED in part, and DENIED in part. A review of the docket reveals no such Petition. Accordingly, the Defendant will be permitted to file such a motion even though the pretrial motion filing deadline has expired. However, any such motion shall be filed on or before May 6, 2013.

    It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE