# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11 CR 194–13 |
| | ) | Hon. Marvin E. Aspen |
| STERLING RENEVA RIVERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| STERLING R. RIVERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 3:15 C 108 |
| | ) | Hon. Marvin E. Aspen |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Sterling Reneva Rivers' *pro se* motion for reduction or modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot. (Case No. 3:15 C 108 ("Civil Dkt.") Dkt. No. 61).) Rivers argues his sentence should be reduced based on Amendment 782 to the Federal Sentencing Guidelines, which generally lowers the base offense level for drug offenses by two points. (*Id.* at 3–4.) The government opposes Rivers' motion. (Resp. (Civil Dkt. No. 65) at 3–6.) For the following reasons, after transferring Rivers' motion from his civil case (3:15 C 108) to his criminal case (3:11 CR 194–13), it is denied.

## BACKGROUND

### I.    CONVICTION

Rivers' underlying criminal sentence was imposed after his conviction for various crimes related to his participation in a drug trafficking conspiracy. (*See* Judgment,

Case No. 3:11 CR 194–13 ("Crim. Dkt.") Dkt. No. 1755.) Rivers was charged in 2011 in a seventeen-defendant indictment for drug trafficking-related offenses occurring between 2008 and 2011 in Wilson, Putnam, and Davidson Counties in Tennessee. (Indictment (Crim. Dkt. No. 3); *see also* Fourth Superseding Indictment (Crim. Dkt. No. 1065).) After a ten-day trial in 2013, a jury convicted Rivers on seven counts, including conspiracy to distribute and possess with intent to distribute crack cocaine and cocaine, possession of a firearm with an obliterated serial number, sale of a firearm to a convicted felon, possession with intent to distribute crack cocaine, distribution and possession with intent to distribute crack cocaine, and aiding and abetting the distribution and possession with intent to distribute crack cocaine. (Judgment at 1; Crim. Dkt. No. 1612.)[1]

## II. SENTENCING AGREEMENT

After Rivers' trial and the completion of an initial presentence investigative report but before sentencing, the government and Rivers negotiated a sentencing agreement. (*See* Civil Dkt. No. 54 at 2.) The parties executed an Agreement Related to Sentencing and Waiver of Rights (the "Agreement") on January 16, 2014. (Agreement (Crim. Dkt. No. 1754 (filed under seal).)

### A. Guidelines Calculation

The Agreement incorporated and accepted the Probation Office's Guideline computations set forth in Rivers' revised presentence report, which were based on the 2013 United States Sentencing Guidelines. (Agreement ¶¶ 6–7.) Rivers admitted to being in possession of at

---

[1] The jury found Rivers not guilty on four counts, and could not reach a verdict on one count, which the government later dismissed. (Crim. Dkt. Nos. 1608, 1612, 1682; Judgment at 1.)

least 8.4 kilograms of cocaine base, resulting in a base offense level of 38. (*Id.* ¶¶ 3–4, 7(b).)[2]

The parties agreed to adopt Probation's recommendation to add eleven points to Rivers' base offense level of 38 for various enhancing factors, including the possession of a firearm, the use of violence or a credible threat of violence, the maintenance of the premises for manufacturing or distributing a controlled substance, having an aggravating role in the offense, involving a minor in the offense, and obstructing justice. (*Id.* ¶ 7(b)–(g).) The additional points resulted in a total offense level of 49. (*Id.* ¶ 7(h).) Under § 5A Application Note 2 of the Guidelines, level 49 is treated as level 43 for purposes of calculating the applicable Guidelines range. U.S.S.G. § 5A n.2 (2013) ("An offense level of more than 43 is to be treated as an offense level of 43.") The Agreement concludes: "[b]ased on an offense level of forty-three and a Criminal History Category of III, the guideline range is life imprisonment." (Agreement ¶ 7(j).)

### B. Sentencing Agreement Terms

Notwithstanding the Guidelines calculation, the Agreement provides that it was the intent of the parties to treat it in the same manner as an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), "[t]hat is, the parties have agreed, giving consideration to the facts and circumstances of the case and the factors set forth in 18 U.S.C. § 3553(a), that the sentence imposed by the Court shall include a term of imprisonment of 336 months (28 years) in the custody of the Bureau of Prisons." (*Id.* ¶ 8.) Rivers' proposed sentence was therefore below his Guideline range of life imprisonment.

As is relevant to the pending motion, the Agreement contains a waiver of appellate rights at Paragraph 12 stating:

---

[2] Rivers' controlled substance offenses were grouped together with his other offenses pursuant to U.S.S.G. § 3D1.3(a), and the controlled substance Guideline controlled because it produced the highest offense level. (Agreement ¶ 7(a).)

> Pursuant to this agreement, and in exchange for the government's sentencing recommendation contained herein, the defendant hereby waives all rights to appeal, except for those expressly maintained below. . . . Defendant also waives the right to challenge his conviction and the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.

(*Id.* ¶ 12.) At Rivers' sentencing hearing on January 28, 2014, the Court adopted the Agreement and sentenced Rivers to 336 months in custody, followed by five years of supervised release and a $700.00 special assessment fee. (Dkt. Nos. 1753, 1755–56.)

## III. RIVERS' 28 U.S.C. § 2255 MOTION

On February 3, 2015, Rivers filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Civil Dkt. No. 1.) Rivers' § 2255 motion included two claims: (1) that he allegedly received ineffective assistance of counsel because his attorney failed to file a notice of appeal after Rivers instructed him to do so, and (2) that he entered into the Agreement involuntarily based on his attorney's deficient advice. (*Id.*.) After an evidentiary hearing, we found Rivers failed to establish that his attorney provided ineffective assistance or that he entered the Agreement involuntarily, and accordingly denied the motion and did not issue a certificate of appealability. (Civil Dkt. No. 54 at 24–26.) The Sixth Circuit denied Rivers' application for a certificate of appealability and dismissed his appeal on December 15, 2017. (Civil Dkt. No. 60.)

## IV. RIVERS' 18 U.S.C. § 3582(c) MOTION

On April 26, 2018, Rivers filed the pending motion for modification or reduction of his sentence under 18 U.S.C. § 3582(c)(2). Rivers argues he qualifies for a lower sentence based on the retroactive application of Amendment 782, which he argues would lower his Guideline range. (Mot. at 3–5.) Rivers also claims he is eligible for a reduced sentence based on efforts to

4

rehabilitate himself in prison and his good behavior. (*Id.* at 6–7.) The government opposes Rivers' motion, arguing in the Agreement Rivers waived his right to file s § 3582(c) motion. (Resp. at 3, 5–6.) The government also claims that Rivers is ineligible for relief because even if Amendment 782 lowered his base offense level by two points, it would not reduce his total offense level or his resulting Guideline range. (*Id.* at 3–6.)

## LEGAL STANDARD

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010) (citing 18 U.S.C. § 3582(b)). Section 3582(c)(2) provides one such exception to this finality, allowing for a modification or reduction of a sentence when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see Dillon*, 560 U.S. at 826, 130 S. Ct. at 2691 (describing the Commission's power to amend the Guidelines). If a retroactive Guidelines amendment would result in a lower Guideline range for a defendant, after the court considers relevant § 3553(a) factors, the court may reduce the defendant's term of imprisonment if a reduction is "consistent with applicable policy statements issued by the Sentencing Commission" as enacted in United States Sentencing Guidelines § 1B1.10. 18 U.S.C. § 3582(c)(2). Finally, as a *pro se* litigant Rivers' motion is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)).

**ANALYSIS**

Rivers argues that he qualifies for a sentence modification or reduction under § 3582(c)(2) after Amendment 782's two-point reduction of base offense levels for drug-related crimes. As a preliminary matter, we discuss whether the pending motion was properly filed in Rivers' civil case. We then address whether Rivers has waived the right to challenge his sentence and finally assess his eligibility for relief under § 3582(c)(2) and Amendment 782.

**I.  TRANSFER OF RIVERS' MOTION TO HIS CRIMINAL PROCEEDING**

Rivers filed the pending § 3582(c) motion in his civil case. Generally, a § 3582(c) motion is considered "a criminal motion" and "a continuation of a criminal case" instead of a civil matter. *See United States v. Brown*, 817 F.3d 486, 488–89 (6th Cir. 2016) ("'Because [its] purpose . . . is to ask the sentencing court to reduce a sentence in light of changes to the Sentencing Guidelines,' a § 3582(c) motion 'is part of the defendant's criminal proceeding.'") (citing *United States v. Byfield*, 522 F.3d 400, 402 (D.C. Cir. 2008) (per curiam)). Moreover, "§ 3582(c) is found in Title 18 of the United States Code, which covers 'Crimes and *Criminal* Procedure.'" *Brown*, 817 F.3d at 488–89 (observing that nine circuits have agreed that a § 3582(c) motion is a continuation of a criminal proceeding and listing cases). Accordingly, we hereby transfer Rivers' motion to his underlying criminal proceeding, and strike the motion from his civil case.

**II.  RIVERS' WAIVER OF APPELLATE RIGHTS**

We now turn to whether Rivers waived his right to file a motion under § 3582(c). The government urges Rivers waived his right to seek a sentence reduction under § 3582(c) in exchange for benefits from the government, namely that the government would not prosecute him for "several potential offenses." (Resp. at 2, 6.) In the Agreement Rivers explicitly waived

his right to challenge his sentence under 18 U.S.C. § 3582(c) except in instances of "involuntariness, prosecutorial misconduct, or ineffective assistance of counsel." (Agreement ¶ 12 (providing "Defendant . . . waives the right to challenge his conviction and the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to . . . 18 U.S.C. § 3582(c)").

It is "well established" that a criminal defendant can waive any statutory or constitutional right "in a plea agreement with the government so long as the defendant's waiver is both knowing and voluntary" unless the defendant alleges involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.[3] *United States v. Fletcher*, No. 3:11 CR 83–15, 2016 WL 850805, at *1 (M.D. Tenn. Feb. 29, 2016) (internal citations omitted). Specifically, the Sixth Circuit has repeatedly found that a defendant may waive the right to challenge his or her sentence under § 3582(c). *United States v. Clardy*, 877 F.3d 228, 231 (6th Cir. 2017) ("[W]here a waiver provision in a valid plea agreement specifically forbids a defendant from challenging his sentence under § 3582(c), he cannot challenge his sentence under § 3582(c)."); *United States v. Ellison*, 664 F. App'x 507, 509 (6th Cir. 2016) (holding that the appeal waiver in the defendant's plea agreement barred a § 3582(c)(2) motion when the agreement explicitly waived the right to appeal pursuant to § 3582(c)); *United States v. Bryant*, 663 F. App'x 420, 422 (6th Cir. 2016) (finding enforceable a clause in a plea agreement stating the defendant

---

[3] While the instant Agreement is a sentencing agreement, "'[t]here is little developed caselaw specifically relating to sentencing agreements' and their enforcement, so courts turn to caselaw regarding plea agreements for guidance." *United States v. Ross*, 245 F.3d 577, 582 (7th Cir. 2001) (citing *United States v. Bradstreet*, 207 F.3d 76, 80 n.2 (1st Cir. 2000)). Additionally, the Agreement itself states at Paragraph 8: "Although this Agreement is not governed by Federal Rule of Criminal Procedure 11(c)(1)(C), because the defendant was found guilty after a trial by jury rather than by plea, it is the intent of the parties that the Agreement be treated in a similar manner." (Agreement ¶ 8.)

7

"knowingly waives the right to challenge th[e] agreed sentence in any collateral attack, including . . . a motion brought pursuant to . . . 18 U.S.C. § 3582(c).").

Rivers does not make any arguments related to involuntariness, prosecutorial misconduct, or ineffective assistance in the pending motion. Furthermore, the record reflects that his waiver was knowing and voluntary; in our § 2255 order, we previously rejected Rivers' assertions that he entered into the Agreement involuntarily and that he received ineffective assistance of counsel. (Civil Dkt. No. 54 at 24–26.) Therefore, we agree with the government that Rivers waived his right to file the pending § 3582(c) motion, and under the terms of the Agreement he is barred from bringing the instant motion. *See United States v. Sharp*, No. 2:13 CR 34(06), 2016 WL 2354872, at *2 (E.D. Tenn. May 4, 2016) (enforcing defendant's waiver of right to file a § 3582(c) motion pursuant to a sentencing agreement entered into voluntarily).

## III.    RIVERS' INELIGIBILITY FOR RELIEF UNDER § 3582(c)

Even if Rivers had not waived his right to file this motion, he would be ineligible for relief under § 3582(c), as Amendment 782 changes neither his total offense level nor the resulting Guideline range. In 2014, the United States Sentencing Commission enacted Amendment 782, which generally reduced the base offense levels assigned to most drug quantities in the then-existing § 2D1.1 drug quantity table by two points. *United States v. Lucas*, 636 F. App'x 296, 297–98 (6th Cir. 2016). Applied retroactively through Amendment 788, the Commission passed Amendment 782 to reset the base offense levels to correspond with statutory minimum penalties and to alleviate overcrowding in federal prisons. U.S.S.G. App. C, Amendment 782, at 71–74 (2014) (estimating Amendment 782 would reduce the imprisonment of drug trafficking offenders sentenced under § 2D1.1 by an average of eleven months).

Pursuant to Guidelines § 1B1.10(a)(2), a reduction in the defendant's term of imprisonment is not authorized under § 3582(c)(2) where the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2) (2016); *see also United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013). "[A] defendant's applicable guideline range [is] 'the range that applies before the sentencing court grants any discretionary departures.'" *United States v. Braden*, 643 F. App'x 531, 533–34 (6th Cir. 2016) (citing *United States v. Pembrook*, 609 F.3d 381, 387 (6th Cir. 2010)). "[T]he court shall substitute only [enumerated amendments including Amendment 782] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

We first determine whether Amendment 782 would have reduced Rivers' Guideline range based on the type and quantity of drugs in Rivers' case. *See* U.S.S.G. § 1B1.10(b)(1) (2016) ("In determining whether . . . a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment[] to the guidelines . . . had been in effect at the time the defendant was sentenced."). At sentencing, 8.4 kilograms of cocaine base was attributed to Rivers, resulting in a base offense level of 38 under the 2013 Guidelines drug quantity table. (Agreement ¶¶ 3–4.) After the addition of eleven points for various enhancements, Rivers' total offense level was 49, which is treated as level 43. (*Id.* ¶ 7); *see* U.S.S.G. § 5A n.2 ("An offense level of more than 43 is to be treated as an offense level of 43."). Considering Rivers' Criminal History Category III, the resulting Guideline range was life imprisonment. (Agreement ¶ 7.)

Here, the eleven points for aggravating factors result in a total offense level of 43 even after applying Amendment 782. According to the current Guidelines as modified by Amendment 782, based on the 8.4 kilograms of cocaine base involved in the offense, Rivers' base offense level is 36, which is reduced two points from his base offense level under the 2013 Guidelines. U.S.S.G. § 2D1.1(c) (2016). However, the additional eleven points for enhancing factors remain. Amendment 782 applies to the base offense level alone, and not to the "other guideline application decisions." *See United States v. Quinn*, 576 F.3d 292, 295 (6th Cir. 2009) (clarifying U.S.S.G. § 1B1.10(b)(1) and Amendment 706 reduced only the base offense level for crack-cocaine offenses, not the total offense level); *see also Freeman v. United States*, 564 U.S. 522, 531, 131 S. Ct. 2685, 2693 (2011) ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion. All Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment.") (citing U.S.S.G. § 1B1.10(b)(1)). As the government contends, once the eleven points for sentencing enhancements are added to base offense level 36, Rivers' total offense level would be 47, which is treated as a total offense level of 43. *United States v. Parker*, No. 3:02 CR 53, 2015 WL 13376771, at *2, n.1 (M.D. Tenn. Feb. 3, 2015) (slip op.) (finding defendant did not qualify for a § 3582(c) sentence reduction because enhancements meant defendant's total offense level was above 43 before and after the Amendment 782 two-point reduction). Under the 2016 Guidelines, a total offense level of 43 for a defendant with a Criminal History Category III results in a Guideline range of life imprisonment, the same range that was applied to Rivers at the time he was sentenced. U.S.S.G. § 5A (2016). Therefore, Amendment 782 does not lower Rivers' applicable Guideline

range, and even if he had not waived his right to file a § 3582(c) motion, he is ineligible for relief regardless of good behavior or rehabilitative efforts.

## CONCLUSION

For the aforementioned reasons, after transferring Rivers' motion to modify or reduce his sentence from his civil case to the underlying criminal case, it is denied. It is so ordered.

                                                         Marvin E. Aspen
                                                         United States District Judge

Dated: September 11, 2018
        Chicago, Illinois