IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) NO. 3:11-cr-00194-13 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| | ) |
| STERLING RENEVA RIVERS | ) |

## **MEMORANDUM OPINION**

Pending before the Court is Defendant's "Emergency Motion for Compassionate Release" (Doc. No. 2111, "Motion").[1] Via the Motion, Defendant seeks a reduction of his 336-month sentence and immediate release from the custody of the Bureau of Prisons ("BOP"), pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Like many other federal inmates in this district and around the country, Defendant claims that the ongoing COVID-19 pandemic, as applied to his specific health profile, satisfies the requirement of "extraordinary and compelling reasons" necessary for this Court to grant "compassionate release"[2] under Section 3582(c)(1)(A)(i), and that compassionate release is otherwise appropriate in his case. The Government has filed a response in opposition (Doc. No. 2194, "Response"), arguing that the Motion should be denied because Defendant has not established extraordinary and compelling reasons for his release and consideration of the 18

---

[1] On April 28, 2020, Defendant filed the instant Motion. At the time of filing, Defendant's case was assigned to visiting District Judge Marvin E. Aspen (N.D. Ill.). Defendant thereafter submitted an "Application," docketed on April 30, 2020, which similarly sought a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 2112). On June 5, 2020, Defendant submitted his Second Supplemental Filing Application for Modification of Sentence. (Doc. No. 2141). On April 26, 2021, this case was reassigned to the undersigned. (Doc. No. 2186). The Court has considered Defendant's supplemental filings (Doc. Nos. 2112, 2141) in ruling on the instant Motion.

[2] Motions like the instant Motion are also known as motions for "sentence modification" (or "sentence reduction"). *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at n.2 (D. Utah Feb. 18, 2020) ("In this order, the court uses the phrase 'compassionate release' and 'sentence modification' interchangeably, which is consistent with how other courts have used the terms."); *United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *1 (W.D. Tenn. June 8, 2020).

U.S.C. § 3553(a) factors counsels strongly against granting compassionate release.

BACKGROUND

On January 17, 2013, Defendant was charged together with two co-Defendants in the Fourth Superseding Indictment. Defendant was charged with twelve counts: one count of conspiracy to possess with intent to distribute over 280 grams or more of crack cocaine, a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 846 (Count One); three counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 925(c)(1)(a) (Counts Two, Eleven, and Twenty-Two); one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count Three); one count of sale of a firearm to a convicted felon, in violation of 18 U.S.C. §§ 922(k) and 924(a)(2) (Count Seven); and six counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) & 2 (Counts Sixteen, Seventeen, Eighteen, Nineteen, Twenty, and Twenty-One). (Doc. No. 1065). Defendant proceeded to trial, and on September 11, 2013, the jury found him guilty on Counts One, Three, Seven, Sixteen, Eighteen, Nineteen, and Twenty-One, and not guilty on Counts Eleven, Seventeen, Twenty and Twenty-Two. (Doc. No. 1612). A mistrial was declared as to Count Two. (*Id.*). On January 28, 2014, United States District Judge Todd Campbell sentenced Defendant to serve 336 months of imprisonment followed by five years of supervised release. (Doc. No. 1755).[3] Defendant has been serving his sentence at FCI Pollock. According to BOP, Defendant's release date is October 15, 2035. *See Federal Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed May 13, 2021).

---

[3] The undersigned took no part in the trial or sentencing of Defendant and indeed was at no point assigned to Defendant's case until the instant Motion was filed.

LEGAL STANDARDS FOR "COMPASSIONATE RELEASE"

Prior to 2018, only the Director of the Bureau of Prisons could move for compassionate release. The First Step Act amended 18 U.S.C. § 3582(c) to allow prisoners to move for compassionate release on their own behalf. *See* First Step Act of 2018, § 603, Pub. L. No. 115-391, 132 Stat. 5239. Now, under 18 U.S.C. § 3582(c)(1)(A), as modified by the Section 603(b)(1) First Step Act,[4] a district court *may* under certain circumstances grant a defendant's motion for compassionate release (hereinafter, "defendant-filed motion"). *See United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory."). In order to grant such a defendant-filed motion, however, a court must find that the so-called "exhaustion requirements" have been satisfied—*i.e.*, "[either] the defendant has fully exhausted all administrative rights to appeal a failure of [BOP] to bring a motion [for compassionate release] on the defendant's behalf or [there has been a] lapse of 30 days since the receipt of such a request [for BOP to file such a motion] by the warden of the defendant's facility, whichever is earlier." *See also United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (explaining that a district court may not disregard the exhaustion requirements of Section 3582(c)(1)(A)).

Once it properly can act on a defendant-filed motion brought under 18 U.S.C. § 3582(c)(1)(A), the district court next determines whether, in its discretion, to grant compassionate

---

[4] That paragraph of Section 603 provides:

 (b) INCREASING THE USE AND TRANSPARENCY OF COMPASSIONATE RELEASE.—Section 3582 of title 18, United States Code, is amended—
    (1) in subsection (c)(1)(A), in the matter preceding clause (i), by inserting after ''Bureau of Prisons,'' the following: ''or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . .''

release to a defendant. In its recently issued opinion in *Jones*, the Sixth Circuit discussed the steps of the compassionate release analysis:

> The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).12 At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon* [*v. United States*], 560 U.S. [817,] 827 [(2010)]. At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id*.

*Jones*, 980 F.3d at 1108. The court then went on to resolve the following question with respect to defendant-filed motions (as opposed to compassionate-release motions filed BOP) in particular: "given the First Step Act's procedural reforms to compassionate release, is § 1B1.13 still an applicable—'that is, "relevant" or "appropriate,"' [*United States v. Ruffin*, 978 F.3d 1000, 1007–08 (6th Cir. 2020)]—policy statement for the purposes of the second § 3582(c)(1)(A) inquiry?" *Id*. The court noted that this is a question that has "sharply divided the courts," *id*. (citation omitted), as many district courts, including this Court, previously considered the Section 1B1.13 policy statements applicable when determining whether compassionate release was warranted. The court then chose a side, holding that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id*. (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).[5] Therefore, "[u]ntil the Sentencing

---

[5] Prior to *Jones*, this Court treated § 1B1.13 as applicable to all motions for compassionate release, whether filed by BOP or by a defendant. The Court does not necessarily perceive that such treatment resulted in a resolution of any defendant-filed motions that was any different than the result the Court would have reached by treating § 1B1.13 as inapplicable to defendant-filed motions. But the Court does note that at least the analytical framework it used prior to *Jones* was different than the analytical framework it will use in the aftermath of *Jones*.

Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*.

In other words, because § 1B1.13 is inapplicable to defendant-filed motions, a district court adjudicating such a motion is not bound by anything § 1B1.13 has to say about—including any limitations or requirements § 1B1.13 would impose upon—the finding of extraordinary and compelling reasons. But this rule is not the only consequence of the Sixth Circuit's decision in *Jones*. Another is that the district court, in adjudicating a defendant-filed motion, may disregard the requirement of § 1B1.13(2) that the court find the defendant not pose a danger (to any other person or to the community) in order to grant compassionate release.

If, in adjudicating a defendant-filed motion, a district court determines that "extraordinary and compelling reasons" for compassionate release exist, the court then determines whether compassionate release is warranted in light of the Section 3553(a) sentencing factors. *See Jones*, 980 F.3d at 1112.[6] The sentencing factors set forth in Section 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;

---

[6] As suggested above, under *Jones*, the analysis of a defendant-filed motion differs from the analysis of a BOP-filed motion in that (among other ways) the latter kind of motion—to which § 1B1.13 remains applicable—requires an intermediate determination of whether the defendant-movant poses a danger to other persons or the community. *See* U.S.S.G. §1B1.13(2).

(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the . . .
        i) [United States Sentencing Guidelines, ("U.S.S.G.")]—
        ii) [in effect at the time of sentencing]

(5) any pertinent policy statement—
    A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code; and
    B) [and in effect at the time of sentencing]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## ANALYSIS

A. <u>Extraordinary and Compelling Reasons</u>

i. The Parties' Positions

Defendant premises the existence of extraordinary and compelling reasons on the general threat of a COVID-19 infection while incarcerated. Defendant contends that he has a family history of heart disease, diabetes, high blood pressure, and cancer, but Defendant does not provide any evidence indicating that he suffers from these maladies and further asserts that he has "been able to manage his own [health] for some time now from exercising and eating right[.]" (Doc. No. 2141 at 3).

In its Response, the Government argues that Defendant has not proffered any extraordinary and compelling reasons because "Defendant does not allege that he suffers from any condition which the CDC considers to be a medical condition which would make him more likely to get severely ill from COVID-19." (Doc. No. 2194 at 2 (citing *People with Certain Medical Conditions*, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html (last accessed May 13, 2021))). The Government notes that Defendant points to a family history of high blood pressure, diabetes, and heart disease but concedes that he does not suffer from these illnesses because he has been able to manage his own health through diet and exercise. (*Id*.). Additionally, the Government argues that Defendant's medical records document that he refused a COVID-19 vaccination as recently as April 2021. Thus, the Government asserts that Defendant cannot establish extraordinary and compelling reasons.

ii. Analysis

To grant the Motion, the Court would have to determine that "extraordinary and compelling reasons" exist for Defendant's compassionate release. Defendant bears the burden to show that extraordinary and compelling reasons exist warranting his release. *United States v. Shabudin*, 445 F. Supp. 3d 212, 214 (N.D. Cal. May 12, 2020); *United States v. Crouch*, No. 5:19-CR-00029-TBR, 2020 WL 1963781, at *3 (W.D. Ky. Apr. 23, 2020) ("[Defendant's] circumstances do not meet the burden of extraordinary and compelling."). As noted above, the Court has "*full discretion* to define 'extraordinary and compelling'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 980 F.3d at 1111 (emphasis added).

First, the Court finds that Defendant has not demonstrated that he has a medical condition that the CDC indicates would place him at a higher risk from severe complications from COVID-19. *See United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021) (upholding district court's evaluation of movant's medical conditions when considering whether defendant demonstrated extraordinary and compelling reasons and noting that the district court "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions."). And Defendant's

general fear of a COVID-19 infection is not an extraordinary and compelling reason for compassionate release. As the Sixth Circuit has explained, "generalized fears of contracting COVID-19, without more, do not constitute a compelling reason" to grant compassionate release. *United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020); *see also United States v. Carr*, No. 20-5784, at 3 (6th Cir. Oct. 26, 2020) (PACER) (6th Cir. Oct. 26, 2020) ("the existence of Covid-19 and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Additionally, the Court agrees with the Government that Defendant's refusal of the COVID-19 vaccine substantially undermines his argument that his risk of a COVID-19 infection constitutes an extraordinary and compelling reason that justifies his release. Courts have consistently refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine. *See United States v. Cohen*, No. 09-20326, 2021 WL 1575300, at *2 (E.D. Mich. Apr. 22, 2021) ("The Court agrees with courts that have found that access to the vaccine mitigates the health concerns that may otherwise constitute extraordinary and compelling reasons in light of the pandemic."); *United States v. MacGregor*, No. 15-20093, 2021 WL 1378786, at *1 (E.D. Mich. Apr. 12, 2021) (holding that a prisoner "failed to show that there were extraordinary and compelling reasons justifying his release because a COVID-19 vaccine had been offered to him, and he declined to take the vaccine"); *United States v. Toney*, No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021) ("The Court denies Defendant's motion for compassionate release because his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release."); *United States v. Vogt*, No. 4:19-CR-40003-05-KES, 2021 WL 364652, at *4 (D.S.D. Feb. 3, 2021) ("Vogt recently tested negative for COVID-19 and refused a vaccine when offered one. . . . . Although the court in no way

diminishes Vogt's health concerns, her conditions coupled with the present conditions at FCI Pekin, do not establish extraordinary and compelling reasons justifying her early release."); *United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("In declining vaccination (twice), Mr. Lohmeier declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction.").

As the undersigned put it when recently denying a compassionate release motion, "the Court agrees with the Government that Defendant's refusal of the COVID-19 vaccine seriously deflates any argument that he had regarding whether the risks posed to him by the COVID-19 virus (in consideration of his specific medical conditions) amounts to extraordinary and compelling reasons to justify his release." *United States v. Ervin*, No. 3:14-CR-000195-1, 2021 WL 848690, at *4 (M.D. Tenn. Mar. 5, 2021). To be clear, the Court does not purport to lecture Defendant that he should or should not take the vaccine; this is a personal choice for Defendant to make as he sees fit. What the Court is saying, rather, is that when a movant insists that his health and well-being require that he be (compassionately) released from incarceration to counter the risk of COVID-19, such insistence rings hollow when the movant is unwilling to counter that risk by resorting to something far more ordinary—taking the vaccine—than the extraordinary remedy of compassionate release he seeks.

Moreover, as one district court pointed out, "[a]llowing a prisoner to qualify for compassionate release in the face of his refusal to receive a COVID-19 vaccine would serve to discourage prisoners from becoming vaccinated." *United States v. Csiki*, No. 19-20256, 2021 WL 1884702, at *2 (E.D. Mich. May 11, 2021). Like that court, this Court is also "hesitant to provide prisoners an incentive to increase their risk of contracting COVID-19 and developing severe

symptoms." *Id*. Accordingly, although this Court finds that Defendant's reasons for release were neither extraordinary or compelling even without his refusal of the vaccine, his refusal of a vaccine that could exponentially reduce his risk associated with COVID-19 seals the doom of his argument, which already had been hanging by a proverbial thread.

The Court, in its discretion, finds that Defendant has not met his burden to demonstrate extraordinary and compelling reasons for his release. Thus, his Motion is denied on this basis, and the Court need not proceed to the remaining steps of the compassionate release analysis (*i.e.*, an analysis of the Section 3553(a) factors).

B. Section 3553(a) Factors

As just suggested, because Defendant fails to qualify for compassionate release, irrespective of how the Section 3553(a) factors apply to him, the Court will not address the Government's (certainly colorable) suggestion that they militate against compassionate release for Defendant.

CONCLUSION

Compassionate release is an extraordinary remedy. *See*, *e.g.*, *United States v. Rizzo*, No. CR 16-20732, 2020 WL 2092648, at *3 (E.D. Mich. May 1, 2020). Such remedy is unavailable here, given that it would be inappropriate, considering that Defendant has not met his burden to demonstrate extraordinary and compelling reasons for his release.

For these reasons, the Motion (Doc. No. 2111) and Defendant's supplemental filings (Doc. Nos. 2112, 2141) are **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE